**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. – JFM-11-003 |
| | * | |
| WAYNE LAMPKIN, JR. | * | |

******

## MEMORANDUM

Defendant has filed a motion for new trial or judgment of acquittal. The motion will be granted in part and denied in part.

Generally, the motion is denied because there was more than sufficient evidence for the jury to sustain the jury's finding that defendant was guilty of participation in a drug conspiracy. However, to the extent that the jury found that defendant knew or had reason to believe that a kilogram or more of heroin was involved in the conspiracy, the verdict was not supported by the evidence.

The amount of heroin distributed by defendant himself that the Government was able to prove was less than one hundred grams. The Government argues, however, that the jury's verdict was supported by virtue of (1) testimony of FBI Special Agent Tim Ryan that defendant and another co-conspirator, Christian Gettis, had a relationship which pre-dated the wiretaps involved in the case, (2) numerous calls between Gettis and another co-conspirator, Michael Felton, demonstrating that Felton bought large quantities of cocaine from Gettis, (3) text messages from Felton's phone which establish that he dealt directly with another co-defendant, Charles Guy, who was Gettis' source of supply of more than a kilogram of heroin, (4) a text message which established the relationship between Felton and defendant, (5) the seizure of two

kilograms of heroin from Dorian Bess who was a courier sent by Guy to deliver heroin to Gettis, and (6) the seizure of a kilogram of heroin from another co-conspirator, Recco Beaufort, pursuant to the execution of a search warrant.

In effect, the Government seeks to attribute to defendant heroin which the evidence connected only to Felton, Guy and Gettis, who were defendant's suppliers. This simply is insufficient to make the defendant responsible for knowing or have reason to know that more than one hundred grams of heroin was involved in the conspiracy. It may well be reasonable for an inference to be drawn that defendant was aware of more than the less than one hundred grams directly attributed to him by the evidence but to contend that a kilogram or more should be attributed to him is a stretch too far.

This case highlights the importance of the duty of the court, in a multiple defendant case, to analyze the evidence after the verdict has been returned to make sure that there has not been an unfair spillover prejudice from the fact that one defendant was tried with others. Here, the conclusion is clear that the jury attributed to defendant heroin that was proven only to be attributable to his co-conspirators. Thus, the verdict, as to drug amount, was not supported by the evidence.


Date:   November 14, 2012          ____/s/_____
                                   J. Frederick Motz
                                   United States District Judge